## In re EZELL.

### No. 1847.

District Court, W. D. Missouri, Central Division.

April 30, 1942.

H. K. Bente, of Sedalia, Mo., for farm-debtor.

Lawrence Barnett, of Sedalia, Mo., for secured creditor.

Sam P. Harlan, of Sedalia, Mo., Conciliation Com'r.

COLLET, District Judge.

This cause is before the Court upon the petition of the farm-debtor for review of the Conciliation Commissioner's order directing the payment of a balance remaining in the Commissioner's hands to a creditor

of the bankrupt estate. The pertinent facts are as follows:

John B. Ezell took advantage of the Frazier-Lemke Act, 11 U.S.C.A. § 203. He had only one creditor—the John Hancock Mutual Life Insurance Company. This creditor held a mortgage on Mr. Ezell's farm which was past due and in default. No composition of his debt was reached by Mr. Ezell with his creditor and an amended petition was filed under subsection s of the Act. The cause was again referred to the Conciliation Commissioner for administration. The three-year moratorium period expired, the debtor requested a re-appraisal of the farm and a re-appraisal was made. The debtor then paid into Court for the use of the creditor the full amount of the re-appraisal, to-wit, $6,000, whereupon an order was made vesting title in the farm to Mr. Ezell free and clear of all encumbrances. There is no question concerning the propriety or regularity of the proceedings or the order vesting the title.

During the moratorium period the debtor paid to the Conciliation Commissioner an annual rental for the use of the farm which the debtor retained possession of. The rental was regularly fixed by proper order of the Commissioner and there is no complaint concerning that proceeding. Taxes and maintenance expenses were paid out of the rental income by the Conciliation Commissioner but at the end of each year no distribution of the balance of the rental on hand was made to the creditor. At the end of the three-year period a balance remained in the hands of the Conciliation Commissioner and still remains there. This fund is the subject of the present dispute.

The debtor contends that the payment of the full re-appraised value of the farm to the creditor is all that the statute requires him to do in order to obtain full title to the property. The creditor contends that the rentals paid to the Conciliation Commissioner and not disbursed by the Commissioner were not payments upon the principal of the obligation and should be paid over to the creditor.

The question presented is a novel one in so far as the Court has been able to ascertain. Counsel's industry has not resulted in the disclosure of any adjudicated case determining the disputed question. The Act is not at all clear, hence resort to the application of general principles must be had to some extent in determining the question presented. The Act provides that:

"Such rental shall be paid into court, to be used, first, for payment of taxes and upkeep of the property, and the remainder to be distributed among the secured and unsecured creditors, and applied on their claims, as their interests may appear. The court, * * * may, in addition to the rental, require payments on the principal due and owing by the debtor to the secured or unsecured creditors, as their interests may appear, * * * and may require such payments to be made quarterly, semiannually, or annually, not inconsistent with the protection of the rights of the creditors and the debtor's ability to pay, with a view to his financial rehabilitation.

"(3) At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: * * * and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor."

It is clear that the Act contemplates the distribution of any balance of rental monies paid to the Conciliation Commissioner remaining after the payment of taxes and other operating expenses, to the creditors. In this case there is only one creditor, hence, for present purposes the Act required the payment by the Commissioner of the balance to the claimant, John Hancock Mutual Life Insurance Company. The Act apparently does not require the annual distribution to creditors of any balance then on hand. But if the balance of the rental money now remaining had been distributed by the Conciliation Commissioner it would obviously have been paid to this creditor. The Act requires the deduction from the appraised value of any payment on the principal in determining the amount which the debtor is required by the Act to pay the creditors in order to obtain title at the end of the moratorium period. It will somewhat simplify the analysis of the question if we treat the balance of the rental money as having been disposed of as directed by the Act and assume that it has been paid to the creditor. Indulging that assumption, the question immediately arises as to whether such a payment was a payment on the principal which would reduce

the amount necessary to be paid by the debtor to a sum equal to the re-appraised value of $6,000, less the amount of the assumed payment, or whether, as the creditor claims, this assumed payment should not be treated as a payment on the principal but should be considered as a payment by the debtor for the use of the premises which he retained but which the creditor would, absent the effect of the statute, have been entitled to.

 Under the general law of bankruptcy, the Court retains all of the income from the bankrupt estate during the period of administration for distribution to the creditors. Income from pledged assets ordinarily is applied to the payment of the obligation which the pledge was made to secure, but not exceeding the total amount authorized by law. In this instance the total amount of the obligation secured was not only the principal amount of the mortgage note but also the interest accrued thereon at the time of the adjudication in bankruptcy. Hence, the principal of the debtor's obligation to this creditor must be treated as the total of the note and the interest due thereon at the time of the adjudication. Generally, no interest may. be recovered after the date of adjudication. But that is not true where the bankrupt estate is solvent and the obligation including interest may be paid in full. This estate is not solvent, hence the balance of the rental money on hand may not be paid to the creditor upon the theory that it represents interest on the principal obligation accruing subsequent to the adjudication in bankruptcy. If, therefore, the payment had been made of the funds now in dispute to the creditor before the re-appraisal of the property at the end of the moratorium period, those payments would necessarily have to be payments upon the principal obligation, to-wit, the amount of principal and interest due at the date of adjudication. The statute requires that any amount paid upon the principal must be deducted from the appraised value of the property in determining the amount which the debtor must pay for the discharge of his debt and the statute specifically provides that the payment of the amount so arrived at shall be the extent of the payment necessary in order to authorize the transfer of the unencumbered title to the debtor. Since the payment of the unexpended balance was not made to the creditor the full amount of the re-appraised value of the property was

paid by the debtor. The creditor has, therefore, received all that it may, under the statute, demand as a prerequisite to the transfer of the unencumbered title to the debtor. The unexpended funds should, therefore, be returned to the farm-debtor.

Since the Conciliation Commissioner reached a different conclusion, the cause is remanded to the Commissioner with directions to enter a proper order in accordance with the views herein expressed.